JACOB MOSS *vs.* GROVE HALL SAVINGS BANK.

Suffolk.    April 3, 1935. — April 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Landlord and Tenant,* Existence of relation, Portion of premises in possession and control of landlord, Landlord's liability to tenant. *Mortgage,* Of real estate: foreclosure. *Negligence,* Of one owning or controlling real estate.

Evidence, that on January 8 a mortgagee of real estate took possession thereof for the purpose of foreclosing, and there was a foreclosure sale at which he was the purchaser; that on or about that day the mortgagee notified a tenant of a portion of the premises that he had taken possession and purchased and that the tenant should pay rent to him; that the tenant said he would pay rent to the mortgagee; and that the fore-

closure deed was delivered on February 5, warranted a finding that previous to January 27 the tenant had attorned to the mortgagee and had become his tenant.

An inference that a mortgagee in general possession and control of a building had possession and control of an unoccupied apartment therein was warranted in the absence of anything to show affirmatively that it was in the possession of some tenant or occupant to his exclusion.

A landlord of a building in possession and control of an unoccupied apartment therein was liable in tort to a tenant of another portion thereof for damage resulting to the tenant's goods from leakage of water following the freezing of water pipes in the apartment, if the landlord failed to exercise due care to prevent the freezing, irrespective of the condition of the apartment at the beginning of the tenancy; and a finding that the landlord failed to exercise due care was warranted on evidence that the apartment was unheated and was unoccupied for at least the "few days before" the freezing, while the weather was "cold and freezing."

TORT OR CONTRACT. Writ in the Municipal Court of the City of Boston dated October 26, 1933.

The action was heard in the Municipal Court by *Dowd,* J. There was evidence that the upper apartment was unheated. Other material evidence is stated in the opinion. The defendant's requests for rulings, which were refused by the judge, were as follows: —

"1. Upon all of the evidence, the plaintiff cannot recover.

"2. There is no privity of estate between the plaintiff and the defendant.

"3. The plaintiff was not a tenant of the defendant.

"4. No duty existed upon the defendant to keep the premises in better condition than they were in at the time of the establishment of any relationship between the plaintiff and the defendant.

"5. There is no evidence that there was any greater defective condition in the premises when the alleged damage occurred than that which existed and was apparent at the time of the beginning of the alleged relationship between the parties."

The "writings of January 6 and January 25," referred to in the opinion, were, respectively, a letter whereby the defendant authorized Joseph Freeman "to take charge of" the premises "and to make the repairs you have undertaken, it being understood that after the foreclosure and

the bank receives title of this property . . . [it is] to give you a deed of the property subject to a mortgage, and you are to give back a mortgage . . . and you are to make repairs to the property"; and a notice by the defendant to the tenants of the premises "that Joseph and Bella Freeman have arranged for the purchase of the property . . . and are authorized to take charge of said property."

The judge found for the plaintiff in tort in the sum of $2,557.20. A report to the Appellate Division was ordered dismissed. The defendant appealed.

*A. M. Ginzberg*, for the defendant.

*B. Goldman*, for the plaintiff.

QUA, J. The judge has found for the plaintiff on the third count of his declaration, which alleges negligence of the defendant in permitting water pipes to freeze in the upper portion of a building, whereby on January 27, 1932, water leaked into the ground floor occupied by the plaintiff and damaged the plaintiff's stock of tobacco. The question raised by the appeal is whether there was error in denying the rulings requested by the defendant.

Request numbered 1 was properly denied, because not in conformity with Rule 28 of the Municipal Court of the City of Boston (1932). *Holton* v. *American Pastry Products Corp.* 274 Mass. 268.

Requests numbered 2 and 3 could not have been granted, even if they had been properly phrased as requests for rulings of law. See *Castano* v. *Leone*, 278 Mass. 429, 430. There was evidence that on January 8, while the plaintiff was an occupant of the store on the street floor, the defendant took possession of the premises for the purpose of foreclosing a mortgage which it held thereon; that on the same day a foreclosure sale took place, at which the defendant was the purchaser, the mortgagee's deed being delivered February 5; that in the early part of January the plaintiff received notice from the defendant that it had taken possession for the purpose of foreclosing its mortgage and that all rents were to be paid to the defendant thereafter; that on or about January 8, the president of the defendant told the plaintiff that the defendant had taken possession and

had purchased the property, and that rents were to be paid to the bank; that the plaintiff said he would pay to the bank; that on February 1, the president called for the rent, and the plaintiff refused to pay him and showed him the damaged tobacco; and that when the plaintiff discovered the leak, he telephoned to someone at the bank, and shortly thereafter a man came to make repairs.

This evidence would support a finding that before the damage was done the defendant had taken possession as mortgagee, and that the plaintiff had attorned to the defendant and had become the defendant's tenant. *Stone* v. *Patterson*, 19 Pick. 476. *Welch* v. *Adams*, 1 Met. 494. *Adams* v. *Bigelow*, 128 Mass. 365. *Knowles* v. *Maynard*, 13 Met. 352. *Lucier* v. *Marsales*, 133 Mass. 454. *Winnisimmet Trust, Inc.* v. *Libby*, 234 Mass. 407. *Winnisimmet Trust, Inc.* v. *Libby*, 247 Mass. 560. *International Paper Co.* v. *Priscilla Co.* 281 Mass. 22, 29. There is nothing to the contrary in *Goldsmith* v. *Ricles*, 272 Mass. 391.

The judge was not obliged to believe the testimony tending to show that the defendant never had actual possession and control of the premises, but that one Freeman had been in possession since January 8 under an agreement to buy the property from the bank. See *Maionica* v. *Piscopo*, 217 Mass. 324. Or he could find that Freeman was acting as the agent of the bank, at least until he should receive a deed. The writings of January 6 and January 25 would not be inconsistent with that theory.

Requests numbered 4 and 5 were rightly denied. While it does not appear affirmatively how long the upper apartment had been unoccupied, the language of the report as we construe it shows that there was evidence to the effect that it had been so at least for the "few days before the accident," while the weather was "cold and freezing." At any rate, there is nothing to show affirmatively that this upper apartment was in the possession of any tenant or occupant to the exclusion of the defendant at any time after the defendant entered upon the premises. In the absence of such evidence, the judge could infer that the defendant's possession and control as mortgagee of the

premises in general included this apartment on the same principle on which control may be inferred from ownership. *Yorra* v. *Lynch*, 226 Mass. 153, 155. See *Ainsworth* v. *Lakin*, 180 Mass. 397; *Curry* v. *Dorr*, 210 Mass. 430, 431.

The law applicable to common passageways has no place here. *Yorra* v. *Lynch*, 226 Mass. 153. The judge could find that the defendant owed the plaintiff the same duty of due care which one landowner owes to an adjoining proprietor (*Priest* v. *Nichols*, 116 Mass. 401) and that it negligently failed in the performance of that duty. *Grasselli Dyestuff Corp.* v. *John Campbell & Co.* 259 Mass. 103. *Brindis* v. *Haverhill Morris Plan Co.* 266 Mass. 303.

No inference should be drawn that because we have discussed the defendant's requests in detail, we regard them as necessarily applicable to all views which the trial judge could have taken of the evidence.

*Order of Appellate Division affirmed.*