ANNIE GILROY *vs.* ALBERT S. BADGER & another.

Essex.   October 7, 1938. — November 29, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Landlord and Tenant*, Portion of premises in possession and control of landlord, Landlord's liability to tenant or his family or invitee. *Negligence*, One owning or controlling real estate. *Snow and Ice.*

Evidence that the owner of a tenement building permitted an accumulation of snow on a third floor piazza adjoining a vacant tenement from which water flowed to and froze on a piazza which was a part of the second floor tenement, and that a member of the family of the second floor tenant fell on the ice and was injured, warranted a finding of negligence of the owner.

TORT. Writ in the Superior Court dated June 24, 1935.

Before *Brogna*, J., a verdict was returned for the plaintiff in the sum of $2,950. The defendants alleged exceptions.

*S. Parsons*, for the defendants.

*F. A. Cashman*, for the plaintiff.

DOLAN, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff in circumstances which will be hereinafter described. The case was tried to a jury, and at the close of the evidence the defendants filed a motion that the jury be directed to return a verdict in their favor. The motion was denied subject to their exception.

There was evidence which would warrant the jury in finding the following facts: The defendants, as trustees, owned and rented the three-story building where the accident occurred. The ground floor was occupied as a store, and there was a tenement on each of the second and third floors. In the rear of the tenement on the second floor there was a piazza, supported by posts resting on the ground and enclosed by a railing. A similar piazza, supported on posts extending up from the floor of the second-story piazza, existed on the third floor. This piazza was covered by a roof.

The plaintiff's husband hired the second-story tenement as a tenant at will, paying as rent $11 a week under an agreement which included the services of a janitor in removing snow, garbage and rubbish. The third-story tenement had been vacant for about three months prior to February 4, 1935, the date of the accident. Some months before the accident and about the time the third-floor tenement became vacant, water began to leak down from the third-story piazza, where snow had collected. The water "splattered down on the rail" of the second-story piazza and also ran down on the wall and out over that piazza and formed ice there. The upper piazza had not been shoveled off for several weeks before the accident, and during this period there was an accumulation of snow thereon about a foot deep. Complaints of this condition were made at various times prior to the accident, and promises had

been given at the office of the defendants that it would be remedied. The janitor had shoveled off the second-story piazza two days before the accident.

At about eleven o'clock in the morning of the day on which the accident happened, the plaintiff went onto the piazza in the rear of the tenement occupied by her and her husband "and hung out some clothes." At that time its floor was wet, "it wasn't freezing, it was just wet, just as if water was running on it." In the afternoon "it seemed to clear up," and the plaintiff went out on the piazza again, slipped on a thin coating of ice, about an eighth of an inch thick, which covered the piazza floor, and fell over the railing into the yard twenty feet below, sustaining personal injuries. Just after the accident marks were observed on the coating of ice leading from the door to the piazza railing.

In answer to interrogatories the defendants replied, in substance, that they were the owners of the premises, that they were in control thereof "subject to each tenant's control of his own quarters," and that, as there was "no tenant on the third floor, nature took its course and such snow had accumulated as fell there." In these circumstances the jury could find that the defendants were in control of the piazza in the rear of the third-floor tenement. *Moss* v. *Grove Hall Savings Bank*, 290 Mass. 520, 523, and cases cited. See also *Malden Knitting Mills* v. *United States Rubber Co.*, *ante*, 229, 235.

It is established that a person in exclusive control and possession of a building or of a part thereof is required to exercise reasonable care to keep it in such condition that others will not be injured in their persons or property. *Grasselli Dyestuff Corp.* v. *John Campbell & Co.* 259 Mass. 103, 108, and cases cited. This duty of due care extends as much to an occupant of another part of the same building, whether the negligent person be landlord or tenant, as it does to an adjoining proprietor or to a traveller on the highway. *Brindis* v. *Haverhill Morris Plan Co.* 266 Mass. 303, 306, and cases cited. *Moss* v. *Grove Hall Savings Bank*, 290 Mass. 520, 523. The law applicable to common

passageways has no place here. The plaintiff was entitled to the same protection from the melting of snow negligently suffered to accumulate by the defendants on the third-story piazza as a traveller on the sidewalk would be entitled to. *Yorra* v. *Lynch,* 226 Mass. 153, 155. *Moss* v. *Grove Hall Savings Bank,* 290 Mass. 520, 523. The evidence would warrant the jury in finding that water had repeatedly flowed down the wall and onto the floor of the second-story piazza by reason of the accumulation of snow on the piazza above, and that the formation of ice on the second-story piazza upon which the plaintiff slipped was an unnatural one and resulted from want of due care by the defendants. *Drake* v. *Taylor,* 203 Mass. 528, 529. *Marston* v. *Phipps,* 209 Mass. 552, 554. *MacDonald* v. *Adamian,* 294 Mass. 187, 191.

The defendants' motion for a directed verdict was properly denied.

*Exceptions overruled.*