# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

ROSALINE CHALFEN *vs.* BARNET KRAFT.

Suffolk.    October 26, 1948. — March 3, 1949.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Negligence,* One owning or controlling real estate, Inflammable substance, Fire.    *Proximate Cause.    Fire.    Real Property,* Possession.

Evidence that the owner of a three-story brick building, occupied by two tenants only, hired a janitor whose duty it was to "keep a boiler in the cellar going and to take care of the heating equipment," and absence of affirmative evidence that any other person had possession or control of the cellar in general or of an area under a stairway leading to it, would have warranted a finding that the owner had the possession and control of such area which normally accompany ownership, and that he was under a duty to exercise reasonable care to keep it in such a condition that others, including a "baby sitter" who was on the premises under employment by a tenant, would not be injured.

Evidence that the owner of a three-story brick building knew, or, if he had made a reasonable inspection of the premises, should have known, of a collection of rubbish and papers constituting a fire hazard under a stairway leading to the cellar, that the owner was in control of the area under the stairway, that neither the owner nor his janitor had taken any steps to remove the hazard, and that a fire started in the papers and rubbish would have warranted findings that the owner was negligent in maintaining the hazard and that the fire was a result of his negligence; and upon such findings an action might be maintained against him for injuries caused by the fire to a "baby sitter" in the employ of one of the tenants on the premises.

TORT. Writ in the Superior Court dated February 28, 1946.

The case was tried before *Dillon,* J.

In this court the case was submitted on briefs.

*H. Pollack & S. Mazer,* for the plaintiff.

*T. H. Mahony & S. Leader,* for the defendant.

WILKINS, J. This action of tort is in two counts, both of which allege that the plaintiff was rightfully on the premises numbered 198–200 Cherry Street, Chelsea, which were owned and controlled by the defendant, and that she was burned by reason of a fire in the building. Count 1 alleges that her injuries were caused by the defendant's negligence in "superintendence, custody, maintenance, supervision, and control" of the building. Count 2 alleges that her injuries resulted from the defendant's negligence in "permitting said building to be in a dangerous, defective, and unsafe condition." The judge directed a verdict for the defendant on each count upon the plaintiff's opening statement, and the plaintiff excepted.

The anticipated evidence outlined in the opening may be summarized as follows: The plaintiff, a "baby sitter" in the apartment of a Mrs. Simons, saw smoke coming through the door. She opened the door into the hallway, which she observed was full of smoke. She left with the baby, whom she gave to a man who was a tenant upstairs. She lost sight of this man, and in descending to the street suffered burns. The defendant is the owner of the building, a three-story brick structure, in the cellar of which was a boiler. The defendant "had a janitor whose duty it was to keep the boiler going and to take care of the heating equipment." The "boiler was pretty close to the stairway leading down from the entrance. You come into a hallway and go down a half flight of stairs, turn around going down, and as you come down the stairs the boiler is just a short distance to the left and [there was] an opening under the stairway," where were kept rubbish and papers, constituting a fire hazard. That was a condition of which the defendant knew or should have known if he had made reasonable

inspection of the premises. The fire started from a cigarette thrown near that collection of paper. Neither the defendant nor his janitor had taken any steps to see to it that the stairway was clear and did not accumulate paper. Because of neglect in permitting this condition amounting to a fire hazard to exist over a period of time, this fire started. The condition was such that a fire could easily start and did start.

This colloquy then occurred: "THE JUDGE: Have you anything to add to your opening? COUNSEL FOR THE PLAINTIFF: No. THE JUDGE: Have you got a motion? COUNSEL FOR THE DEFENDANT: Yes. COUNSEL FOR THE PLAINTIFF: May I add this. The plaintiff expects to prove that under the stairway there was an accumulation of paper. THE JUDGE: You said that already, and that it was a fire hazard, but you haven't said a word that the fire was started because of that fire hazard. COUNSEL FOR THE PLAINTIFF: I am saying that, and I thought I said it. When an inspection was made the following morning after the fire — THE JUDGE: I don't care what they found the next morning. It was what they found before the fire. COUNSEL FOR THE PLAINTIFF: I think the next morning's evidence goes to show what the condition was before the fire, to establish cause and effect. THE JUDGE: Do you know how long a lighted cigarette lasts when it is burning? COUNSEL FOR THE PLAINTIFF: I know, but I will have testimony from the fire department they found the remains of a lighted cigarette near the paper; that the paper had been pulled out from under the stairs; that the fire started under the stairway, and we expect to prove that. THE JUDGE: All right, I will direct a verdict just the same."

We assume that the facts, both specific and general, stated in the opening were true and would have been substantiated by testimony. *Grace* v. *Jordan Marsh Co.* 317 Mass. 632. The judge at first was of the opinion that counsel for the plaintiff had not stated that the fire started because of the hazard described. If there was any de-

ficiency in the opening in this respect, the omission was supplied by the later statements of counsel for the plaintiff. See *Mulvaney* v. *Worcester*, 293 Mass. 32, 33. Whether supposed lack of causation was the reason for the judge's ultimate action we need not inquire.

The defendant contends that it did not appear that he, although the owner, was in control of the area under the stairway. We cannot accede. The opening mentions two tenants only, the plaintiff's employer and a man "upstairs." On the other hand, the defendant hired a janitor "whose duty it was to keep the boiler going and to take care of the heating equipment," and the boiler was in the cellar "pretty close to the stairway leading down from the entrance." There was nothing tending to show affirmatively that any other person had possession or control of the cellar in general or of the area under the stairway in particular, and in the absence thereof the jury could reach the conclusion that the defendant had the possession and control which normally accompany ownership. The case, in this aspect, falls within the authority of *Moss* v. *Grove Hall Savings Bank*, 290 Mass. 520, 523–524. See *Yorra* v. *Lynch*, 226 Mass. 153, 155. The defendant, if so found, would then be subject to the rule, long well settled, that a person in control of a building must exercise reasonable care to keep it in such condition that others will not be injured. *Kirby* v. *Boylston Market Association*, 14 Gray, 249, 250–251. *Grasselli Dyestuff Corp.* v. *John Campbell & Co.* 259 Mass. 103, 108–109. *Brindis* v. *Haverhill Morris Plan Co.* 266 Mass. 303, 306. *Frizzell* v. *Metropolitan Coal Co.* 298 Mass. 189, 191. This duty of care, which does not arise out of any technicality of the relationship of landlord and tenant, extends as much to an occupant of another part of the building, whether the negligent person be landlord or tenant, as it does to an adjoining proprietor or to a traveller on the highway. *Moss* v. *Grove Hall Savings Bank*, 290 Mass. 520, 524. *Gilroy* v. *Badger*, 301 Mass. 494, 496. *Burke* v. *Zatoonian*, 309 Mass. 541, 542. This principle would enure to the benefit of the plaintiff, who could be found to have

been driven from her employer's apartment into a position of danger by the smoke coming from a fire which was the result of a hazard permitted to exist through the defendant's failure to exercise the degree of diligence required in the circumstances. It was a question for the jury whether the defendant should have contemplated that a probable happening from the maintenance of the rubbish and papers was a fire occasioned by the dropping of a lighted cigarette or in some other way. In this respect the case is governed by *Geraci* v. *A. G. Tomasello & Son, Inc.* 293 Mass. 552. See *Carbone* v. *Trustees of New York, New Haven & Hartford Railroad,* 320 Mass. 710, 713. Although the *Geraci* case dealt with highly inflammable materials, that is a circumstance for the tribunal of fact which does not affect the underlying principle of law.

Immaterial are the various contentions of the defendant, which dwell upon the absence of any contractual duty of the defendant to the plaintiff's employer, through whom, it is argued, the plaintiff's rights are derivative, or which stress the absence of any invitation to the plaintiff to leave the apartment, and the like.

There was error in the direction of a verdict for the defendant.

*Exceptions sustained.*