PAUL F. REGAN *vs.* GERTRUDE NELSON, trustee.

Middlesex.    January 11, 1963. — April 2, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Negligence,* One owning or controlling real estate, "Area way." *Landlord
and Tenant,* Portion of premises in control of landlord, "Area way,"
Landlord's liability to tenant or one having his rights.

An "area way," covered by boards and dirt, located in an open lot close to
the rear wall of a commercial building let to a tenant by the owner of
the premises and two or three feet to the side of the rear door of the
building, might be found to be in the control of the owner and not used
in common, and, on evidence that the cover of the "area way" became
soaked and rotten through water on the lot due to failure of a drainage
facility to function and that a truckman delivering goods to the building
as an invitee of the tenant was injured when he stepped on the cover of
the "area way" and it gave way under him, a finding that the owner was
negligent toward and liable to the truckman was warranted, even if the
condition of the "area way" had not changed between the time of the let-
ting to the tenant and the time of the accident.

TORT.    Writ in the Superior Court dated December 7,
1959.

The action was tried before *Tomasello, J.*

*Charles J. Elmore* for the plaintiff.

*Robert E. McCourt* for the defendant.

SPIEGEL, J.    This is an action of tort to recover damages
for personal injuries sustained by the plaintiff in a fall upon
property owned by the defendant.    At the close of the evi-
dence, the trial judge allowed the defendant's motion for a
directed verdict, subject to the plaintiff's exception.

We state the evidence most favorable to the plaintiff.
The defendant owns commercial property in Brighton which
she rents to Kennedy & Co. a retailer of butter and eggs,
who had been a tenant there prior to the defendant's acqui-
sition of the property in 1951.    The defendant owns an
open lot to the rear of the building from which access could

be gained to an adjoining street, and "over which area deliveries and collection[s] could be made to the rear of Kennedy's and which lot was used to make deliveries to Kennedy's by the plaintiff." This lot contained a "dry well" for drainage and two "area ways." An "area way" is a "hole in the ground near a cellar window to allow light, air and deliveries to the cellar." The "area way" in question was the one closer to the rear door of Kennedy's. It was located a foot out from the rear wall of the premises and two to three feet to the right of Kennedy's rear door as one faced the rear of the building. The hole was covered by "matched boards one inch thick and approximately 2 feet wide and 4 feet long," and "covered by dirt and appeared to be part of the ground."

On March 19, 1959, the plaintiff, a truck driver, was making a delivery of goods to Kennedy's. In the course of unloading the goods the plaintiff "stepped from the rear step of his truck down a distance of 3 feet onto the 'area way' cover" which "gave way beneath the plaintiff and he fell 3 or 4 feet into the . . . hole," thereby suffering injury. An examination of the cover revealed that "the wooden underpinnings and supports were water soaked and rotted and were below the ground level." From time to time the "dry well" located in the area owned by the defendant to the rear of the "area ways" became "blocked up by debris and flooded this area with water and kept this area wet all the time and . . . on a number of occasions the cellar of Kennedys became flooded because of this condition." The defendant's employees, either on request by the health department or as a result of complaint by the tenants in the area, would clean out the debris and unblock the dry well to permit drainage. There was testimony that under these circumstances a wooden cover below ground level would rot and that all other "area ways" in this group of buildings were bordered by masonry and covered by iron rods.

The defendant had four employees whose duties were to "make repairs" on the defendant's various properties and who "at one time made repairs to the Kennedy front and to

Kennedy's rear door." The defendant's carpenter fore-
man learned of the accident from the defendant's renting
agent on the following day and he "went to the premises to
see the condition and to see what materials he would need
to make repairs, however, the 'area way' cover had already
been replaced."

The defendant contends that the directed verdict should
be upheld because the plaintiff "failed to show that there
has been a change in the condition of the property and par-
ticularly the 'area way' where he was injured between the
date of the new letting between Kennedy & Co. and the de-
fendant and the date of the plaintiff's injury." It is true
that with respect to common areas used by tenants over
which the landlord retains control, the landlord owes to his
tenants "the duty to use reasonable care to keep the com-
mon areas in as good a condition as that in which they were
or appeared to be at the time of the creation of the ten-
ancy." *Crea* v. *Stunzenas,* 344 Mass. 265, 267. However,
this rule has been restricted to "common" ways or passage-
ways such as stairs. Its inapplicability to cases of another
nature has been pointed out quite often. *Yorra* v. *Lynch,*
226 Mass. 153, 155. *Gilroy* v. *Badger,* 301 Mass. 494, 496–
497. *Globe Leather & Shoe Findings, Inc.* v. *Golburgh,* 339
Mass. 380, 382. In the instant case it does not appear that
the tenant, Kennedy & Co., used the "area way" in question
in "common" with even one other tenant. See *Flanagan* v.
*Welch,* 220 Mass. 186, 191–192. The defendant's brief it-
self points out that the "plaintiff has not shown that the
'area way' where the plaintiff injured himself was a com-
mon way or area." It is precisely this fact which renders
inoperable the rule of law for which the defendant argues.

Where no "common passageway" is involved, the rule is
that a person in control of a building, or of a part thereof,
is required to exercise reasonable care to keep it in such
condition that others will not be injured in their persons or
property. *Grasselli Dyestuff Corp.* v. *John Campbell &
Co.* 259 Mass. 103, 108. *Gilroy* v. *Badger,* 301 Mass. 494,
496. "This duty of due care extends as much to an occu-

pant of another part of the same building, whether the negligent person be landlord or tenant, as it does to an adjoining proprietor or to a traveller on the highway." *Gilroy* v. *Badger, supra,* 496.   Compare *Chalfen* v. *Kraft,* 324 Mass. 1, 4; *Ross* v. *Broitman,* 338 Mass. 770, 772–773. If this duty extends to a traveler on the highway, then it must extend also to a business invitee of the owner's tenant, a status conceded to the plaintiff in the defendant's brief.

We believe a jury could have found that the "area way" wherein the plaintiff hurt himself was not a "common passageway," that the defendant owner retained control over the exterior of the building and surrounding areas, and that the defendant or her employees failed to exercise due care in the maintenance of such areas.   It was error, therefore, to direct a verdict for the defendant.

*Exceptions sustained.*