JOHN GILBERT MASON & others *vs.* SHIRLEY LIEBERMAN & others.

Suffolk.    April 7, 1965. — June 9, 1965.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Negligence,* One owning or controlling real estate.    *Landlord and Tenant,* Portion of premises in control of landlord.

Findings by a master in a suit in equity warranted conclusions that the owners of a century old building having a small ell and occupied by tenants were in exclusive control of the exterior of the ell, that one spring the owners were notified of leaks in a wall and the roof of the ell and were requested to fix them but failed to do so, and that they were liable to a tenant for water damage to his property the following fall when the roof of the ell collapsed during a heavy rainfall and broke a ceiling sprinkler pipe.

BILL IN EQUITY filed in the Superior Court on January 9, 1959.

The suit was heard by *Chmielinski,* J., on a master's report.

*William Endlar* for the defendants.

*Alan J. Dimond (Leonard Schlesinger* with him) for the plaintiffs.

REARDON, J.    The defendants appeal from an interlocutory decree confirming a master's report and from a final decree in favor of the plaintiffs.    The plaintiff Mason was a tenant of the defendants.    The other plaintiffs are two insurance companies which reimbursed him to the extent that the loss which gives rise to this suit was covered by their policies.

The master found that Mason, as a tenant at will, occupied one of the five stores on the ground floor of a century old, four and one-half story building, as well as the entire second floor including the second floor area of a small ell which extended out from the right rear of the premises. Mason's store was at the extreme left of the building as

one faced it from the street. The only access to the floors above the ground floor was by means of an elevator in Mason's store. A sprinkler system had been installed in the second floor of the main building including the ell. In order to prevent breaking and entering Mason had bricked up from inside the building several windows of the ell on the second floor.

The defendants Starr, Endlar and Nichols purchased the building in August, 1957, at which time Mason was a tenant at will. The defendant Lieberman was a straw, and the defendant Nichols, acting for himself and for all other defendants in dealing with the tenants, made periodic visits to the building. Two tenants other than Mason complained to Nichols of leaks in the rear of the building, and these were repaired at the defendants' expense. In the spring of 1958 "water commenced leaking through the rear wall of . . . [Mason's] retail store on the ground floor and through the rear wall and roof of the ell into the second floor. . . . [Mason] and his mother (who also worked at the store) caused the existence of these leaks to be brought to the attention of . . . Nichols and requested that the leaks be fixed, but no repairs were made."

On the night of September 17, 1958, the roof of the ell collapsed during a heavy rainfall and broke a sprinkler pipe connected to the ceiling in the ell. As a result "the ground floor and second floors of the building were inundated with water resulting in considerable damage to . . . [Mason's] property on both the first and second floors of the premises."

The master further found that Mason had no control of the exterior of any of the premises in the rear of the building, including the ell; that he gave prompt notice to the defendants of the leakage through the rear wall of the building to areas occupied by him; and that he was in no way to be regarded as on notice that collapse of the roof was imminent. It was found that the exterior of the ell was in the exclusive control of the defendants who had failed to inspect or maintain it in any way from the date of their pur-

chase and that the damage done to Mason's property re-
sulted from failure on the part of the defendants to exercise
reasonable care to keep that part of the building under their
control in such condition that Mason's property would not
be injured. It was also found that the defendants vio-
lated their duty of reasonable care in failing to inspect the
roof of the ell and that the notice by Mason and the other
tenants of the existence of leaks in the building "in early
1958 should have put the . . . [defendants] on notice that
the condition of the wall and roof of the ell required fur-
ther inspection and repair." The defendants asserted
various exceptions to certain portions of the master's re-
port which were overruled by the trial judge in confirming
the report.

There was no error. The master's summary of the evi-
dence as requested by the defendants was sufficient in law
to support his findings. See *Buckley & Scott Util. Inc.* v.
*Petroleum Heat & Power Co.* 313 Mass. 498, 508. It could
have been inferred that control of the roof of the ell by
the defendants resulted from their ownership. *Yorra* v.
*Lynch,* 226 Mass. 153, 154–155. *Moss* v. *Grove Hall Sav.
Bank,* 290 Mass. 520, 523–524. To overcome that inference
there must be affirmative evidence that some person other
than the owner had control. *Chalfen* v. *Kraft,* 324 Mass.
1, 4. Nothing in this case indicates that anyone other than
the defendants had possession or control of the roof of the
ell. Hence we are led to consideration of the standards
to which the defendants having control are to be held.
"Where no 'common passageway' is involved, the rule is
that a person in control of a building, or of a part thereof,
is required to exercise reasonable care to keep it in such
condition that others will not be injured in their persons or
property." *Regan* v. *Nelson,* 345 Mass. 678, 680. "This
duty of due care extends as much to an occupant of another
part of the same building, whether the negligent person be
landlord or tenant, as it does to an adjoining proprietor or
to a traveller on the highway." *Gilroy* v. *Badger,* 301
Mass. 494, 496. In this case leakage through the roof of

the ell was called to the attention of Nichols, but there was
no evidence that Nichols ever inspected the roof.   This
was a violation of the duty imposed upon the defendants to
employ reasonable care.

In sum, the findings of the master relative to the age of
the building, the leaks, the notice, and the failure to inspect
or cure defects constitute a sufficient basis for the finding
of liability.

*Interlocutory and final decrees affirmed.*