*Northern District*

No. 6939

## BETTE BERGHEIM LUSTIG

v.

## ELIOT CONVISOR
## and RICHARD S. KATES

Argued: Jan. 29, 1969  Decided: Mar. 26, 1969

*Present:*   Brooks, P.J., Connolly, Yesley, J.J.
Case tried to *Parker, J.* in the Third District
    Court of Eastern Middlesex No. 5253 of 1967
        *Yesley, J.   This is an action of tort* remanded
by the Superior Court to the District Court

(G.L. c. 231, § 102C) wherein damages are sought for injuries sustained by the plaintiff as a result of a *fall in a well* in the rear of the defendants' apartment building at 261 Commonwealth Avenue, Boston, on the night of October 22, 1966. There was a finding for the plaintiff.

Since the primary issue raised by this appeal is whether such finding was warranted, we take the evidence in its aspect most favorable to the plaintiff. *Vance* v. *Gould,* 355 Mass. 104, 107.

*There was evidence that:* The plaintiff had been in the company that evening of one Alvin Borenstine who was a tenant in the defendants' building. At about 11:30 P.M. they came to the premises in Borenstine's motor vehicle. He drove around to the rear of the building to a small parking area on the premises adjacent to the rear entrance, where he parked the car in a perpendicular line to the building with the front of his vehicle about three feet from the building and to the right of the rear entrance. The plaintiff, who had never before been on the premises, got out of the car from the passenger's side and walked ahead. She turned left when she reached the front of the car and began to walk towards the rear door of the building in the space between the front of the vehicle and the building. She "took one step up on what appeared to be a solid board". The board was one of a number of boards cov-

ering a well. As she stepped on the board the structure caved in and she fell into the well, as a result of which she suffered a severe injury to her right leg. The area in which the plaintiff fell was dimly lit but the plaintiff was able to see that the level of the boards over the well was above ground level. On the evidence it could be found that the difference in levels was from two to six inches above ground.

Borenstine had been a tenant in the building under a lease since September of 1965. He paid an additional amount for the privilege of using the rear parking area. At the time his occupancy commenced the well had been covered by a wooden shed, which had later deteriorated and had been replaced two or three months prior to the accident by boards which covered the well and were flush on their outer edges with the outer edges of the brick walls of the well.

The trial justice made special findings to the effect that the plaintiff at the time of her fall was a guest of a tenant of the building who had parking privileges in the rear parking space, that the plaintiff was rightfully in the area of the well, that the defendants were in exclusive control of the parking space and the area where the well was located.

He also found the defendants failed to exercise reasonable care "to keep the area in such a condition that the plaintiff would not

be injured'', and that there was no negligence or assumption of the risk on the plaintiff's part.

At the request of the defendants, the trial justice reported for our determination his denial of certain of their requests for rulings, enumerated below.

Request No. 1 asked for a ruling that the evidence did not warrant a finding for the plaintiff. In our opinion the foregoing evidence did warrant such a finding and there was no error in the denial of this request. The defendants' contention is that the plaintiff fell in an area where she had no right to be, that accordingly their duty was simply to refrain from wilful and wanton conduct, that the evidence did not warrant a finding of such conduct, and that the requested ruling should have been granted. They rely on *Cohen* v. *Davies*, 305 Mass. 152, wherein it was held that where a tenant was injured when he fell over a piece of wire fencing while cutting across the front lawn of the defendant's apartment building instead of using a walk provided for the use of tenants, there must be proof of wilful, wanton and reckless conduct to warrant recovery. The court noted (p. 155) that the case is not one where the plaintiff while rightfully using a walk intended for that purpose was injured ''by some obstruction in, upon or near it''. The trial justice, however, in the case before us, found that the plaintiff was rightfully in the

area where she fell, which finding in our opinion was warranted on the evidence. The prop underlying defendants' contention being thus undermined, it falls of its own weight.

The correct rule of law applicable to this case is that expressed in *Regan* v. *Nelson,* 345 Mass. 678, wherein the court stated (p. 680): "Where no 'common passageway" is involved, the rule is that a person in control of a building . . . is required to exercise reasonable care to keep it in such a condition that others will not be injured. . . ." In that case, the plaintiff, a truck driver making a delivery, fell into a hole in the ground covered by boards and dirt in an area one foot from the rear wall of a building owned by the defendant and a few feet to the right of the rear door.

It could have been found on the evidence in this case that the defendants failed to exercise reasonable care to avoid injury to a person in plaintiff's position rightfully on the premises. See *Regan* v. *Nelson,* 345 Mass. 678, 681.

Request No. 6 asked for a ruling that the evidence did not warrant a finding that the defendants failed to keep that part of the premises where the plaintiff was injured in as good condition as it was at the time of the letting. This request was properly denied since the defendant concedes that no common passageway is involved and the ruling requested is applicable only in such case. Even if it could have been found that the well was located in

a common passageway, the requested ruling could not have been given since the evidence did warrant the finding described in the request and was sufficient to warrant recovery on that posture also. See *Shwartz* v. *Feinberg*, 306 Mass. 331, 333, 334; *Sneckner* v. *Feingold*, 314 Mass. 613, 614.

Requests Nos. 8 and 9 seek rulings that the evidence did not warrant findings other than that the plaintiff is barred by assumption of the risk and by her contributory negligence. These requests revolve around questions of fact which the trial justice decided adversely to the defendants, and was warranted in so doing on the evidence. The denial of these requests presents no question for our consideration.

Request No. 7 asks for a ruling that the plaintiff must prove ''the type of tenancy which the tenant had''. The denial thereof, as immaterial, presents no question for review. There was evidence, and the trial justice found, that Borenstine was a tenant under a written lease for a stated term.

There being no error, **the report is ordered dismissed.**

LEVENSON & WOJCIK
   for plaintiff
JAMES D. CASEY
   for defendants