BECKER'S INC. *vs.* DANIEL BREYARE & another.
(and three companion cases [1]).

Hampden.     December 8, 1971. — February 9, 1972.

Present: TAURO, C.J., CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Negligence,* One owning or controlling real estate, Fire, Contributory.

Evidence in an action that in a basement store occupied and controlled by the defendant cartons were piled beside an open stairway and within two feet of a ceiling with exposed wooden joists, that cloth bags were stored in boxes at the foot of the stairway, that cartons were stored under the stairway in violation of fire department orders, and that after an employee of the defendant threw lighted matches down the stairway a fire broke out in some of the cartons and spread to other parts of the building warranted a finding of negligence on the part of the defendant irrespective of its responsibility for the acts of its employee. [121–122]

Evidence in an action that the defendant, an employee whose duties included safeguarding a basement store occupied by his employer and watching for and reporting fires, observed another employee throw lighted matches down a stairway to the basement near piled cartons, that the defendant did nothing to investigate or to ensure

that the matches were out, that shortly thereafter a fire was discovered burning at the top of the cartons, and that the fire spread through a large part of the building and damaged property of other occupants warranted a finding of negligence on the part of the defendant *toward such other occupants and the owners of the* building. [122–123]

In an action by an employer against its employee for damage to its property in a fire in 1964 due to negligence of the employee, there was no error in directing a verdict for the employee where verdicts in other actions, by third persons against the employer, tried concurrently with the action against the employee, established negligence of the employer contributing to the fire. [123]

FOUR ACTIONS OF TORT. Writs in the Superior Court dated March 22, 1965, January 18, 1965, November 18, 1965 and March 5, 1966, respectively.

The actions were tried before *Ford, J.*

*Thomas J. Donoghue* for Becker's Inc.

*John H. Madden, Jr.*, for Daniel Forest & others.

*Alfred J. Monahan* for Daniel Breyare.

QUIRICO, J. These are four actions at law in tort for negligence seeking recovery for personal property damaged or destroyed by a fire in a building owned by three of the plaintiffs and in which the rest of the plaintiffs were tenants. The plaintiffs consist of a corporation and six individuals. In one action the corporation is suing two of its employees. In each of the other three actions

---

[1] The actions involved and the parties to each are the following:

| Superior Court Docket Nos. | | Names of Plaintiffs | Names of Defendants |
|---|---|---|---|
| 1. | 113,065 | Becker's Inc. | Daniel Breyare<br>Robert Poirier |
| 2. | 112,614 | Daniel Forest<br>Oliver P. Forest<br>Alice A. Forest | Becker's Inc.<br>Robert Poirier<br>Daniel Breyare |
| 3. | 114,975 | Henry J. Archambault | Becker's Inc.<br>Robert Poirier<br>Daniel Breyare<br>Harold C. Becker* |
| 4. | 117,339 | William Auclair<br>Rhea Auclair | Becker's Inc.<br>Robert Poirier<br>Daniel Breyare |

* This defendant was eliminated by the allowance of his motion for a directed verdict and there is no exception thereto before us.

certain of the individuals are suing the same corporation and its two employees. The four actions were tried together. We summarize the verdicts returned by the jury, the exceptions saved by the parties, and the questions thereby presented to us for decision.

Count 1 of the declaration in each of the three actions brought by the individual plaintiffs stated claims against the corporate defendant, Becker's Inc. only. The trial judge took the following action on each of these three counts: (a) he denied the motion of the defendant for a directed verdict in its favor, and (b) he submitted count 1 to the jury for decision on liability and damages limited to the issue whether the defendant "was negligent with respect to the storage of materials" in the place where the fire started.[2] The defendant excepted to the denial of its motions, and the plaintiffs excepted to the refusal of the judge to submit the case to the jury on the issue of the liability of the defendant for the alleged negligence of its employees Poirier and Breyare. The jury returned a verdict for the individual plaintiffs on count 1 of all three actions.

The plaintiffs' declarations in all four actions contained a count seeking recovery from the defendant Breyare for his alleged negligence in connection with the fire. The judge allowed Breyare's motion for a directed verdict in his favor on each of these counts and all of the plaintiffs excepted thereto.

The plaintiffs' declarations in all four actions also contained a count seeking recovery from the defendant Poirier for his alleged negligence in connection with the fire. The judge submitted all four of these counts to the

---

[2] Count 1 of the declaration in each of these three actions alleges in substance that the defendant, Becker's Inc., by its agents and servants, negligently and carelessly caused or permitted a fire to start on the premises occupied by it, with resulting damage to property of the plaintiffs. By count 2 of each of these declarations the same plaintiffs sought recovery from Becker's Inc. on the ground that it "negligently failed to maintain proper supervision over its minor employees [Poirier and Breyare]." The judge allowed the defendant's motions for directed verdicts on count 2 in each action and, although the plaintiffs excepted thereto, they have not argued these exceptions in their brief.

jury. They returned verdicts in favor of the individual plaintiffs in three of the actions, and for the defendant Poirier in the fourth action brought by Becker's Inc. There are no exceptions by Poirier. In connection with the count of Becker's Inc. against Poirier, the plaintiff excepted to a portion of the judge's instruction to the jury, and also excepted to the verdict "as inconsistent with the charge [to the jury]."

We summarize the evidence, to the extent necessary for our decision of the questions before us.

On March 19, 1964, all of the plaintiffs, with the exception of the plaintiff owners, occupied different portions of the same building on Main Street in Holyoke. Becker's Inc. conducted a retail "Army-Navy" type store on the ground floor and in the basement. It employed the defendant Poirier, aged seventeen, as a part time bookkeeper, and the defendant Breyare, aged sixteen, on a part time basis for selling and putting up orders. It was one of Breyare's duties with respect to the basement of the store to safeguard the premises against harm; and it was part of the duties of all employees of the store to look out for and report any fires.

An open wooden stairway ran from the first floor of the store to the basement. On one side of the stairs there was a brick wall, and on the other there were wooden shelves for merchandise. On these shelves were cardboard boxes containing rubbers and overshoes for sale. Although these boxes were not supposed to be open, some of them were open, thus exposing the tissue paper inside. The cardboard boxes of rubbers were piled to within two feet of the basement ceiling, where the wooden joists of the floor above were exposed. Some cloth bags were stored in cloth covered boxes at the foot of the stairway and there were some mannequins in cartons under the stairs. The fire department inspected the premises about every two months and would not allow cartons to be stored under the stairs. There was a sign at the top of the stairs prohibiting smoking by customers, but employees could smoke anywhere on the premises.

At 6:30 P.M. on the day of the fire, Poirier was standing at the top of the stairs talking to Breyare who was alone in the basement. Poirier threw about five lighted matches down the stairway. Breyare saw him do it and told him to stop, but Poirier threw at least one more lighted match down the stairway. Breyare made no attempt to search for or pick up any of the matches, and he did nothing further to make sure that they were out. He was smoking at the time, and he extinguished his cigarette in an ashtray before proceeding to the rear of the basement to obtain a cart. When he returned he saw a fire burning at the top of the cartons close to the staircase. This fire spread through a large part of the building and caused the damage to the plaintiffs' property. Breyare expressed the opinion that one of the lighted matches could have fallen into the cartons.

In reviewing the court's rulings on the various motions for directed verdicts for the defendants, the test as to each motion is whether "anywhere in the entire evidence [there is] any set of circumstances that will support a reasonable inference in favor of the plaintiff." *Mazza-ferro* v. *Dupuis*, 321 Mass. 718, 719. *Donnelly* v. *Larkin*, 327 Mass. 287, 289. If there is, the motion must be denied. Applying this test to the several motions involved in this case, our conclusions follow.

1. There was no error in the judge's denial of the motions of the defendant Becker's Inc. for a directed verdict in its favor on count 1 of the declarations in the three actions brought by the individual plaintiffs. This is the count which alleges generally in each declaration that this defendant negligently "caused or permitted a fire to start on the premises occupied by it." In submitting count 1 to the jury for decision the judge instructed them that "[t]he only issue that you are permitted to consider is the question of whether or not . . . Becker, Incorporated, was negligent with respect to the storage of materials in those shelves, in and about that stairway." The judge had previously instructed the jury that Poirier's "act had no relationship whatsoever to his em-

ployment and Becker's Incorporated cannot be charged with liability or responsibility for it." Verdicts had previously been directed in favor of the defendant Breyare.

On the basis of the limited area of liability under which count 1 was submitted to the jury, the obligation of Becker's Inc. was to exercise reasonable care to keep the part of the building of which it had exclusive control and possession in such condition that others would not be injured in their persons or their property. *Gilroy* v. *Badger*, 301 Mass. 494, 496. *Chalfen* v. *Kraft*, 324 Mass. 1, 4–5. *Ross* v. *Broitman*, 338 Mass. 770, 772–773. *Mason* v. *Lieberman*, 349 Mass. 321, 323. The plaintiffs were not required to prove that the defendant corporation negligently set the fire which caused the damage. See *Commonwealth* v. *Welansky*, 316 Mass. 383, 401. They were required only to prove facts from which the jury could find that "the defendant should have contemplated that a fire or an intensified fire was a probable happening from the maintenance of the paper and cardboard" boxes and other flammable material on the shelves beside the stairs leading to the basement, and under the stairs. *Ross* v. *Broitman*, 338 Mass. 770, 773. See *Chalfen* v. *Kraft*, 324 Mass. 1, 5, and cases cited. We hold that the evidence was sufficient for that purpose.

2. When the judge submitted count 1 in the declarations of the individual plaintiffs to the jury for decision on the limited area of liability described above, the plaintiffs excepted to his refusal to submit them for decision on the question of the corporate defendant's liability for the negligence of its employee Breyare. However, in their joint brief the plaintiffs state that consideration of this point "will only be necessary if this court sustains the corporate defendant's exception to the denial of a directed verdict." We have not sustained such exceptions, and we therefore do not reach these additional exceptions.

3. In the actions brought by the individual plaintiffs, it was error to allow the several motions of the defendant Breyare for the direction of verdicts in his favor on the count in each of the declarations charging him with negli-

gence (count 4). This defendant was required to exercise the degree of care and standard of conduct which would have been exercised by the ordinary and reasonably prudent person in his position under the facts and circumstances immediately preceding and leading up to the fire. If, "either by omission or by action, [Breyare failed] to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances," he was negligent. *Altman* v. *Aronson,* 231 Mass. 588, 591. We hold that the evidence was sufficient to permit the jury to find or infer that Breyare, by reason of his actions or his failure to act in relation to the lighted matches which he saw Poirier throw, was negligent. Count 4 of the individual declarations should have been submitted to the jury for their determination whether Breyare was negligent, and, if he was, what damages were recoverable from him.

4. Despite our holding above that it was error to direct verdicts in favor of the defendant Breyare in the actions brought by the individual plaintiffs, we do not sustain the exceptions of the plaintiff Becker's Inc. to a similar ruling on its count against Breyare. The reason for this distinction is that the jury returned verdicts against Becker's Inc. as a defendant, thus establishing that its negligence contributed to the fire damage to the property. Under the law applicable on the date of the fire, March 19, 1964, G. L. c. 231, § 85, as amended through St. 1952, c. 533, § 1, this contributory negligence of Becker's Inc. was an absolute bar to its recovery from either Breyare or Poirier.[3] No further trial is required thereon.

The only exceptions remaining to be considered are two taken by the plaintiff Becker's Inc. Both are based on the

___

[3] Statute 1969, c. 761, § 1, amended G. L. c. 231, § 85, to provide that "Contributory negligence shall not bar recovery in any action . . . to recover damages for negligence," and to provide further that there may be recovery on the basis of comparative negligence. However, by St. 1969, c. 761, § 2, the amendment was made effective only as to causes of action arising on or after January 1, 1971.

premise that the jury might find that Becker's Inc. was not negligent. The jury did not so find, and the exceptions are probably now of no import. Nevertheless we discuss them briefly.

At the close of the instructions to the jury, counsel for Becker's Inc. stated to the judge that this plaintiff's case "got extremely short shrift, and I think it got a one sentence referral." The judge asked counsel what he wanted him to add, to which counsel replied: "If you find Poirier liable and Becker not liable, then Becker is entitled to recover in his plaintiff's case just as in any plaintiff's case." The court did not give the requested instruction whereupon counsel said: "Would you note my exception on that one sentence referral?" Since the jury found Becker's Inc. liable as a defendant, it suffered no harm from the judge's refusal to give the instruction requested. This exception is overruled.

When the jury returned verdicts for all of the individual plaintiffs against Poirier and Becker's Inc., and a verdict for Poirier on the count by Becker's Inc. as plaintiff, the latter's counsel "excepted to this verdict as inconsistent with the charge of the Court." The verdict was proper in view of the jury's finding that Becker's Inc. was guilty of negligence contributing to the fire in question. This exception is overruled.

We summarize our action on the exceptions considered above. The exceptions of Becker's Inc. as the plaintiff in one action and as a defendant in the other three actions are overruled. The exceptions of the individual plaintiffs to the direction of verdicts for the defendant Breyare are sustained.

*So ordered.*