WILLIAM J. GOLDEN & others *vs.* ROBERT AMORY & others
(and five companion cases[1]).

Hampden.   September 18, 1952. — November 28, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Dam. Reservoir. Negligence,* Dam. *Water. Dangerous Use of Property.
Flood. Act of God.*

Alleged failure of the proprietor of a mill pond or reservoir to comply
    with the requirements of the statute which is now G. L. (Ter. Ed.)
    c. 253, § 44, respecting the filing and approval of plans and specifica-
    tions and inspection in connection with the construction of a dike

[1] The five companion cases are brought against the same defendants
respectively by Joseph L. Magiera, by Lillian M. Waide and others, by
Frank E. Whitney and another, by Edith M. Thomas, and by Mabel New-
comb. All the cases are brought against the defendants individually and as
trustees of the Ludlow Manufacturing Associates under a declaration of
trust dated June 15, 1928.

formed by the raising of a public highway bordering the location of the reservoir did not render the proprietor liable in tort for damage caused many years later to lands beyond the dike when the water of the reservoir overflowed and washed out the dike, both because the statute was inapplicable to a highway only incidentally used as a dike and because it did not appear that there was any causal connection between the alleged noncompliance with the statute and the damage.  [486]

The proprietor of a mill pond or reservoir, on which were located about half a mile apart a dike formed by the raising of a public highway and a hydroelectric plant dam, both having approximately the same elevation, and from which water overflowed and washed out the dike and damaged land beyond during the unprecedented flood and hurricane of September, 1938, was not shown by the evidence to have been negligent toward the owner of the damaged land either on the ground of inadequacy of the dam and dike in the light of the experience of the flood of 1936 or with respect to use of all available men and sandbags to save the dam.  [486–487]

The proprietor of a mill pond or reservoir from which water overflowed and washed out a bordering dike and damaged land beyond during the unprecedented flood of September, 1938, constituting an act of God, was not liable for the damage on the ground that he had collected and stored the water in the reservoir at his peril.  [487–488]

SIX ACTIONS OF TORT.  Writs in the Superior Court dated August 13, 1940.

The actions were tried before *Leary,* J.

It appeared that on the Chicopee River in an area known as the Red Bridge area the defendants had a hydroelectric plant with a dam across the river and a reservoir or mill pond; that at a point about one half mile from the dam the reservoir bordered on a public highway known as Alden Street, which had been raised to form a dike; that the elevation of the dike was approximately the same as that of the dam; and that on September 21, 1938, the water of the reservoir overflowed and washed out the dike and damaged the properties of the plaintiffs beyond.

*James M. Carroll,* (*James F. Egan* & *Robert B. Dudley* with him,) for the plaintiffs.

*Raymond T. King,* for the defendants.

LUMMUS, J.  The defendants owned a hydroelectric plant in Ludlow in the Red Bridge area.  As a result of the hurricane of September 21, 1938, the Chicopee River overflowed

and damaged the real estate of the several plaintiffs. In these actions of tort the first count of the several declarations alleged that no permit or decree or approval of the county commissioners was secured by the defendants for the construction, maintenance, and operation of the Alden Street dike. The second count alleged negligence in the maintenance of that dike. The judge directed verdicts for the defendants on the first count, and on the second count, after verdicts for the plaintiffs, entered verdicts for the defendants under leave reserved. To that action, as well as to the exclusion of certain evidence offered by the plaintiffs, the plaintiffs excepted.

To sustain the first count of the several declarations, the plaintiffs offered to prove that the Alden Street dike was built by the defendants in 1901 without the filing with or the approval by the county commissioners of the plans and specifications, and without inspection by the county commissioners or the county engineer, and consequently constituted a nuisance. The judge excluded the offered evidence, and the plaintiffs excepted. There is a statute, which was in effect in 1901, requiring the filing with and approval of the county commissioners of plans and specifications for a reservoir dam and inspection by them. G. L. (Ter. Ed.) c. 253, § 44. The statute cited appears to us inapplicable, since Alden Street was primarily a highway, and its use as a dike was merely incidental to its use as a highway. Moreover, there was no evidence of any relation of cause and effect between the absence of statutory preliminaries for the building of a reservoir dam and the injury to the plaintiffs' lands by flood. In our opinion there was no error in the exclusion of the offered evidence, or in the direction of verdicts for the defendants on the first counts of the several declarations.

The remaining question is whether there was any error in entering verdicts for the defendants under leave reserved upon the second counts, those for negligence, of the several declarations. There is no question that the torrential rains and flood that accompanied the hurricane of September 21,

1938, were wholly without precedent in this Common-
wealth. There were heavy rains from September 15 to
September 19. On September 20 and during that night
there was another 4.6 inches of rain. A flood in 1936 had
come almost to the top of the dam, which was located
about half a mile from the Alden Street dike. It appeared
that the crest of the flood would exceed that of the 1936
flood. The defendants hired twenty-four men, all that were
available, to aid in saving the dam by the use of sandbags.
All the available sandbags were used on the dam, and none
remained for use on the Alden Street dike. The plaintiffs
do not contend that there was negligence in the maintenance
of the dam and dike as they were before the flood of 1936,
but they contend that that flood made manifest that for
the future the protection they afforded was negligently in-
adequate. But the 1936 flood was itself an unprecedented
one, and no one could foresee that it would be repeated,
much less that it would be exceeded. The situation in
September, 1938, was one of sudden emergency requiring
immediate action. The defendants were not negligent even
if some other action than that taken would have been
better. *Tozier* v. *Haverhill & Amesbury Street Railway*, 187
Mass. 179, 180. *Lemay* v. *Springfield Street Railway*, 210
Mass. 63, 67. *Tuttle* v. *Connecticut Valley Street Railway*,
239 Mass. 553, 556, 557. *Turner* v. *Berkshire Street Rail-
way*, 292 Mass. 313, 316. *Hathaway* v. *Checker Taxi Co.*
321 Mass. 406, 408.

The plaintiffs rely upon the rule stated in *Fletcher* v.
*Rylands*, L. R. 1 Ex. 265, 279, and affirmed in *Rylands* v.
*Fletcher*, L. R. 3 H. L. 330, 339–340, that "the person who
for his own purposes brings on his lands and collects and
keeps there anything likely to do mischief if it escapes,
must keep it in at his peril, and, if he does not do so, is
prima facie answerable for all the damage which is the
natural consequence of its escape." That rule is the law
of this Commonwealth. *Gorham* v. *Gross*, 125 Mass. 232,
238. *Ainsworth* v. *Lakin*, 180 Mass. 397, 399. But that
rule does not apply where the injury results from "vis

major, the act of God . . . , which the owner had no reason to anticipate." *Gorham* v. *Gross*, 125 Mass. 232, 238. *Bratton* v. *Rudnick*, 283 Mass. 556, 560–561. In the present case the flood, as disclosed by the evidence, was plainly beyond the capacity of any one to anticipate, and was clearly an act of God. *Hoosac Tunnel & Wilmington Railroad* v. *New England Power Co.* 311 Mass. 667, 671. For this reason the rule under discussion does not apply, and the defendants cannot be held liable for injury caused by the flood waters.

Upon the whole case, we find no error, either in the rulings of the judge or in his exclusion of evidence offered by the plaintiffs.

*Exceptions overruled.*