ARNOLD B. COX *vs.* ZUCIO A. ROTHENBERG & others,
trustees.

Suffolk.    April 6, 1954. — April 29, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant*, Landlord's liability to tenant or one having his
rights, Roof. *Negligence*, Roof, One owning or controlling real estate.
*Act of God.*

A finding of negligence on the part of a lessor of the top floor of a building
toward the lessee was not warranted where, even if the lessor was in
control of the roof of the building and owed a duty to the lessee to use
reasonable care to maintain the roof in the same condition as it was or
appeared to be in at the time of the letting, the evidence showed
merely that the roof appeared to be in good condition at that time and
also on the day before a subsequent unusual and violent storm, con-
stituting an act of God, whereby the roof was pulled away from the sill
and property of the lessee was damaged by water and debris.

TORT.    Writ in the Municipal Court of the City of
Boston dated January 16, 1951.

The action was heard by *Tomasello, J.*

*Frank P. Hurley*, for the plaintiff.

*Israel Bernstein*, for the defendants.

COUNIHAN, J.    This is an action of tort in which the
plaintiff seeks to recover for damage to personal property
by reason of negligence of the defendants in the mainte-
nance of a roof of a building part of which the plaintiff
occupied under a written lease from the defendants.    The
action was tried in the Municipal Court of the City of
Boston.    The judge after denying requests for rulings by
the defendants found for the plaintiff and assessed damages.
Upon request the judge reported the action to the Appellate
Division of that court, which ordered the finding for the
plaintiff vacated and judgment entered for the defendants.
From this order the plaintiff appealed.    There was no error.

In its aspects most favorable to the plaintiff the evidence was as follows: On or about June 1, 1947, the plaintiff entered into possession and occupancy of the sixth or top floor of premises numbered 451–463 Atlantic Avenue, Boston, under a written lease from the defendants for a term of five years.  At the commencement of the term the demised premises and the building in which they were located appeared to be in good condition.  Complaints were made by the plaintiff of leaks in the roof in April, 1949, some of which were in a corner of the roof and over some of the windows in the premises.  These leaks were repaired and in July, 1949, a new roof was put on.  No complaints of leaks in the roof were made by the plaintiff between April, 1949, and November 25, 1950.  On November 25 and 26 there occurred a most unusual, violent, and destructive storm.  An official weather report described it as one of the most violent and destructive storms of modern times, with gusts of winds from 79 to 86 miles an hour, which crippled utilities, wrecked homes, flooded waterfront communities, destroyed other properties, and caused much suffering and hardship throughout the area of the storm which included Boston.  Damage approximating $20,000,000 was sustained in New England of which $500,000 to $1,000,000 was sustained in greater Boston.  The plaintiff admitted that there was nothing unusual about the roof or walls of the building when he left the premises the day before the storm.  On the morning following the storm the roof on that part of the building over the demised premises was pulled up from the sill about a foot running from a corner of the building for a distance of about fifty feet to the rear of the building.  Damage was done to the personal property of the plaintiff by water, bricks, and dirt.  There was evidence from expert witnesses that the roof was dislodged by the violence of the storm.  The defendants immediately repaired the roof.

We assume without deciding that the roof was in the control of the defendants, and that it was their duty to use reasonable care to maintain it in the same condition

that it was or appeared to be in at the time of the letting. But the plaintiff must prove that, in the exercise of reasonable care, the defendants should have discovered a change in the condition of the roof, if there was a change, long enough before the damage occurred to have made repairs. *Fernandes* v. *Medeiros*, 325 Mass. 293, 295.

The only evidence we have is that the roof appeared to be in good condition at the time of the letting and also on the day before the storm. There was no evidence of any negligence on the part of the defendants in the installation of the new roof.

It is clear therefore from all the evidence that the damage to the roof which was the real cause of the damage to the personal property of the plaintiff was not the result of any negligence of the defendants but was occasioned by the unusual and violent storm of November 25 and 26, which was plainly vis major or an act of God. *Gorham* v. *Gross*, 125 Mass. 232, 238. *Bratton* v. *Rudnick*, 283 Mass. 556, 559. *Golden* v. *Amory*, 329 Mass. 484, 487–488.

It follows that the first request of the defendants, that the "evidence is insufficient, as a matter of law, to warrant the court in finding that the defendant[s] . . . [were] negligent," should have been given. See *Fibre Leather Mfg. Corp.* v. *Ramsay Mills, Inc.* 329 Mass. 575.

In these circumstances the order of the Appellate Division was correct and it is affirmed.

*So ordered.*