GLOBE LEATHER & SHOE FINDINGS, INC. *vs.* M. HARRY
GOLBURGH, trustee.

Suffolk.    December 4, 5, 1958. — June 10, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Negligence,* One owning or controlling real estate, Drainpipe.   *Landlord
and Tenant,* Portion of premises in control of landlord, Drainpipe.

A finding that the owner of a building in control of a tunnel at its rear
separated by a wall from an adjacent basement of a store in the build-
ing and not accessible as of right to an occupant of the store and base-
ment was liable for negligence to the occupant, whether or not the
occupant was a tenant of the owner, was warranted on evidence that
at a point where a rain water drainpipe running along the outer wall
of the building into the tunnel entered the floor of the tunnel a cap or
plug on the pipe was discovered to be missing and the owner was noti-
fied thereof and that in a heavy rainfall some months later water from
the "pipe where the plug was missing" flowed into the basement of
the store and damaged merchandise of the occupant.

TORT.    Writ in the Superior Court dated December 28,
1950.

The action was referred to an auditor and was subse-
quently tried before *Dowd,* J.

*M. Harry Golburgh,* for the defendant.

*Rupert L. Mapplebeck,* (*S. Jason Ginsburg* with him,) for
the plaintiff.

COUNIHAN, J.    This is an action of tort brought to re-
cover for damage sustained by the plaintiff to personal prop-
erty in the basement of a store numbered 1112 Washington
Street, Boston, which it was alleged was rented to the
plaintiff by the defendant.   The first count is for negligence
of the defendant in maintaining a drainpipe in adjoining
premises of the defendant.   The second count is for a nui-
sance upon the same facts.   The findings of the auditor and
the evidence before the jury indicate that both counts are
for the same cause of action.

Globe Leather & Shoe Findings, Inc. *v.* Golburgh.

The action was referred to an auditor, whose findings of facts were not to be final. He filed a report in favor of the plaintiff. The defendant duly claimed a right to trial by jury, reserving the right to introduce further evidence. Rule 88 of the Superior Court (1954).

At the trial before a jury the plaintiff introduced the auditor's report in evidence and rested. The defendant introduced evidence of an official weather report for November 25 and 26, 1950, and evidence relating to the creation and existence of a tenancy between the parties. In response to a motion the plaintiff filed specifications setting forth the relationship of landlord and tenant between the parties and the location of a tunnel in adjoining premises where the alleged defect existed. The jury returned verdicts for the plaintiff on both counts in the same amounts. The action comes here upon the exceptions of the defendant to the denial of his motions for directed verdicts, and to the refusal of the judge to give certain of his requests for rulings. There was no error.

The report of the auditor discloses that on July 1, 1948, one Harry Cohen leased to one Simon Lopez for a term of five years a store with the basement thereof numbered 1112 Washington Street, Boston. Lopez used the store for a retail and wholesale shoe and leather findings business, doing business under the name and style of Globe Leather & Shoe Findings. Late in the year of 1949, Lopez incorporated his business as the Globe Leather & Shoe Findings, Inc., of which he was president and treasurer. The defendant as trustee of the Jon Roy Trust became the owner of the building in which the store was located on December 27, 1949. On February 1, 1950, and monthly thereafter, the plaintiff corporation paid rent for this store by sending checks of the corporation to the defendant, all of which were accepted by him and cashed.

This store was in a one story building with a flat roof at the corner of Washington and Dover streets in which there were several stores. In the rear of this building was a tunnel, no part of which was in the demised premises and to which

the plaintiff had no right of access. A drainpipe along the outer wall of the building was designed to carry rain water to the tunnel. At a point where the drainpipe sloped into the floor of the tunnel there was a slight extension of the pipe which contained a circular screw-on cap or plug. Some months prior to November, 1950, an officer of the plaintiff discovered that this cap or plug was missing and he notified the defendant that the absence of the cap or plug caused water to flow into its basement. This tunnel was separated from the building in which the store was located by a plastered lath wall. Doors to it from the basement of the stores were boarded up and not used by the tenants.

From 8 P.M. on November 25, 1950, to 7 A.M. on November 26, there was a rainfall of 1.79 inches. When a representative of the plaintiff opened the store on the morning of November 26, he discovered an accumulation of water in the basement which the auditor found "came from the before described pipe where the plug was missing." This caused the damage to merchandise of the plaintiff.

The auditor found that the "plaintiff was accepted as a tenant by the defendant." We infer from this finding that there was an assignment to the plaintiff of the lease between Cohen and Lopez. It was said in *Ames* v. *B. C. Ames Co.* 335 Mass. 511, 513, that this is a question of fact. The acceptance of monthly checks of the corporation by the defendant for rent for about ten months with knowledge of the change in the tenancy warranted a finding by the jury that the plaintiff was recognized as a tenant by the defendant. A breach of the covenants against assigning a lease is waived when a landlord receives rent accruing after such breach with knowledge of the facts and without reservation. *Paeff* v. *Hawkins-Washington Realty Co. Inc.* 320 Mass. 144, 145. *Whitehouse Restaurant, Inc.* v. *Hoffman,* 320 Mass. 183, 186.

The defendant argues that the familiar rule pertaining to the condition of common passageways and stairs should apply. *Andrews* v. *Williamson,* 193 Mass. 92, 94. But this rule is not applicable. *Moss* v. *Grove Hall Sav. Bank,* 290

Mass. 520, 524. *Gilroy* v. *Badger*, 301 Mass. 494. *Sullivan* v. *Mt. Washington Co-op. Bank*, 302 Mass. 595. The findings of the auditor warranted the conclusion that the defendant owed the plaintiff the same duty of care which one landowner owes to an adjoining proprietor and that he negligently failed in that duty. *Moss* v. *Grove Hall Sav. Bank, supra.*

The defendant relies upon *Cox* v. *Rothenberg*, 331 Mass. 391, in which recovery was denied on account of the effect of the unusual and violent storm of November 25 and 26, 1950. But in the instant case there was no evidence of the unusual conditions which were found to exist on those days in the *Cox* case.

This action was tried before the jury by the defendant on the theory that no tenancy of the store existed between the plaintiff and the defendant or that if such a tenancy did exist the plaintiff is bound by the rule in *Andrews* v. *Williamson, supra*, hereinbefore referred to. But it was said in *Chalfen* v. *Kraft*, 324 Mass. 1, 4, regarding another well established rule of law, "This duty of care, which does not arise out of any technicality of the relationship of landlord and tenant, extends as much to an occupant of another part of the building, whether the negligent person be landlord or tenant, as it does to an adjoining proprietor or to a traveller on the highway." See cases cited. See also *Ross* v. *Broitman*, 338 Mass. 770, 772–773.

The lease from Cohen, the former owner, to Lopez is not before us, so we assume that the plaintiff, whether or not a tenant of the defendant, was at least an occupant of the store numbered 1112 Washington Street under some arrangement with Lopez, who was president and treasurer of the plaintiff corporation, which he had organized to carry on his business. See *Ames* v. *B. C. Ames Co.* 335 Mass. 511, 513.

The declaration alleges that it was damaged by the negligence of the defendant in maintaining the drainpipe in premises of the defendant adjacent to the store. We are satisfied that the jury could reasonably find, from the

evidence before it, including the auditor's report, that the defendant was liable. Whether the plaintiff was a tenant of the defendant is only coincidental. The motions for directed verdicts were properly denied.

The defendant asserts error in the refusal of the judge to give requests numbered 2 through 12, inclusive. There was no error in refusing to give the defendant's requests. The judge in his charge substantially covered those which were applicable. One request at least was immaterial and the other requests were based upon the misconception that the rule relating to common stairways and passageways applied.

*Exceptions overruled.*