YOLANDA L. DUCEY *vs.* SPRINGFIELD CO-OPERATIVE BANK.

Hampden.   September 28, 1960. — November 18, 1960.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, & CUTTER, JJ.

*Negligence,* Independent contractor, Dangerous work, Floor washing, One owning or controlling real estate, Invited person.   *Landlord and Tenant,* Portion of premises in control of landlord.

Washing of the floors of common corridors of a business building by an independent contractor carefully selected by the owner of the building was not inherently dangerous work, so that the owner was not liable for negligence of the contractor in leaving a floor in a wet and slippery condition whereby one, not an invitee of the owner, fell and was injured while in the building on business with a tenant therein.

TORT.   Writ in the District Court of Springfield dated June 5, 1954.

The action was heard by *O'Malley,* J., who found for the plaintiff.   The Appellate Division ordered the finding vacated and judgment entered for the defendant.   The plaintiff appealed.

*Thomas L. Goggin,* for the plaintiff.

*Charles M. Healey, III,* for the defendant.

WHITTEMORE, J.   The defendant, as the trial judge found, contracted that the corridor floors of its business building in Springfield be washed by an independent contractor "after the ordinary business hours . . . understood by the parties to be not before 5:30 P.M.," but agreed with tenants that they might keep evening office hours.   The defendant knew that cleaning was usually done between 5:30 P.M. and 7 P.M.   The plaintiff's injuries resulted from falling on the second floor corridor, then wet from mopping, on February

1, 1954, about 7:30 P.M. as she was about to call at her attorney's office. The trial judge found that the floor was in a dangerous condition in that it had not been mopped or dried with due care, that the independent contractor had been selected with "due care," and that "the work contracted for was not inherently dangerous." He also stated "the opinion that . . . [a slippery dangerous condition] was a natural consequence . . . [of the defendant's contract] especially if [the floor was] not mopped or dried properly, and that the slippery condition was not a mere detail of the work." He ruled that the defendant was negligent in contracting for floor washing during business hours without requiring warning signs, or alternatively in failing to provide in the contract that cleaning would be done "at times other than times when it knew the passageways would be used by persons rightfully on the premises." The Appellate Division vacated the finding for the plaintiff and ordered judgment for the defendant.

Plainly a dangerous condition was a possible consequence of floor mopping. But we think it could not be found or ruled to be a likely or probable consequence within the rule on which is founded the liability of the employer of an independent contractor. Even though the work need not be "inherently dangerous" in the sense that it will *"necessarily . . .* [cause] harm" (emphasis supplied) in the absence of precautions (see *McConnon* v. *Charles H. Hodgate Co.* 282 Mass. 584, 588; *Ferguson* v. *Ashkenazy,* 307 Mass. 197; Restatement: Torts, § 427) it must at least be "work . . . necessarily creating, during its progress, conditions containing an unreasonable risk of bodily harm to others unless special precautions are taken . . . ." Restatement: Torts, § 413. *Whalen* v. *Shivek,* 326 Mass. 142, 150. *Levesque* v. *Hildreth & Rogers Co.* 276 Mass. 429, 434. *Doyle* v. *LaCroix,* 336 Mass. 484, 487. *Curtis* v. *Kiley,* 153 Mass. 123, 126. See *Berman* v. *Greenberg,* 314 Mass. 540, 543; *Todd* v. *Wernick,* 334 Mass. 624, 627; *Thurlow* v. *Provincetown,* 337 Mass. 450, 454–455.

The defendant was not bound to conclude that the employee of a building cleaning firm, chosen with due care,

would not take reasonable precautions to limit to the area within his immediate control the extent of floor which at any time was wet to the point of slipperiness. Although it was a "natural consequence" of the contract that water be placed on the floor (see *Pickett* v. *Waldorf Sys. Inc.* 241 Mass. 569, 571), it was not a natural consequence that this be so done that a dangerous condition result. The findings do not permit the inference that the contractor was not informed or did not learn of the tenants' practice of holding early evening office hours.

Under our minority rule stating the "somewhat technically defined duty of a landlord" in respect of common passageways (*Peay* v. *Reidy,* 321 Mass. 455, 458; 1956 Annual Survey of Mass. Law, § 1.1, n. 6; 32 Am. Jur., § 696) no invitation from the building owner to the business visitor of a tenant could be found, *McCarthy* v. *Isenberg Bros. Inc.* 321 Mass. 170, 171, and we need not determine whether the facts could be ruled to show a breach of an obligation to use due care to keep premises reasonably safe for business invitees. See *Judson* v. *American Ry. Exp. Co.* 242 Mass. 269, 271; *Levesque* v. *Hildreth & Rogers Co.* 276 Mass. 429, 434; *Curtis* v. *Kiley,* 153 Mass. 123, 126.

No negligence for which the defendant is responsible being shown, the order of the Appellate Division was right. Compare *Peay* v. *Reidy,* 321 Mass. 455, 458; *Henebury* v. *Cabot,* 288 Mass. 349, 352–353; *Morgan* v. *Merchants Natl. Bank,* 314 Mass. 601, 604; *Chalfen* v. *Kraft,* 324 Mass. 1, 5; *Ross* v. *Broitman,* 338 Mass. 770, 773; *Globe Leather & Shoe Findings, Inc.* v. *Golburgh,* 339 Mass. 380, 383.

*Order of Appellate Division affirmed.*