Neel, J.
Landowners Robert and Theresa McLaughlin (“the McLaughlins”) claim that development of an adjacent lot has damaged their property and continues to pose a serious danger. The McLaughlins seek damages and injunctive relief against the trus *276 tees of Fonzi Realty Trust, defendants William and Robert Fonzi (“the Fonzis”), and defendants William and Marguerite Watts (“the Wattses”), who own the adjacent land. The Fonzis and the Wattses have separately moved for summary judgment.
After hearing, the court grants summary judgment in favor of the Watts on plaintiffs’ strict liability claim. The court also grants summary judgment in favor of the Fonzis on plaintiffs’ strict liability and G.L.c. 148 §20C claims, but denies summary judgment on the trespass claim.
BACKGROUND
The McLaughlins own and reside on real property in Wakefield. In January 1991, the Wattses purchased property which abuts, and is situated on a slope above, the McLaughlins’ land. The Wattses’ land is part of the Orsini Drive Development, a subdivision of land developed by the Fonzi Realty Trust.
The Fonzis began development of the Orsini Drive subdivision in 1985. The development required blasting, moving and removing earth, and filling. In 1986 and 1990, the McLaughlins complained that composting piles gave off odors and attracted flies. As work progressed, these piles were burled, and by the summer of 1990 the odor and flies had disappeared. In December 1990, debris from the development site rolled onto the McLaughlins’ property. In October 1991, the Fonzis entered the McLaughlins’ property and removed the debris in response to a complaint from the McLaughlins. The McLaughlins admit that no debris entered their property as a result of blasting, and have made no other substantial specific claims of past damage.
In developing the Wattses’ property, the Fonzis constructed an embankment above the McLaughlins’ property.[3] In 1992, a professional engineer hired by the McLaughlins and an engineering firm hired by the Wattses found in substance that accepted practices with regard to design and construction of a stable embankment were not followed. The McLaughlins’ expert concluded that the embankment was “unsafe and unstable." The Wattses’ expert stated that the problems in the design and construction of the embankment were “not conducive to long term stabilized construction.” Because the McLaughlins’ land is immediately below the embankment, the McLaughlins contend that their property and lives would be directly in harm’s way in the event of a collapse. The Mc-Laughlins have not claimed any personal injury as a result of the alleged defects in the embankment.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summaiyjudgment, who does not have the burden of proof at trial, may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The complaint asserts strict liability counts against both the Wattses and the Fonzis; in addition, it asserts counts against the Fonzis alleging violation of G.L.c. 148 §20C, and trespass.
A. Strict liability
Following the rule of Rylands v. Fletcher, [1868] L.R. 3 H.L. 330, the Supreme Judicial Court has held that one who carries on an abnormally dangerous activity is subject to liability for harm resulting from that activity, even if that person has exercised the utmost care to prevent the harm. Ainsworth v. Lakin, 180 Mass. 397, 399 (1902). The question of whether the defendant’s activity is subject to the Rylands rule of strict liability is for the court, not for the jury. Joseph R. Nolan and Laurie J. Sartorio, Tort Law §317 (1989). The nature of the activity should not, in and of itself, determine whether the activity is “abnormally dangerous.” Rather, consideration should focus on whether the risk is so unusual and extraordinary as to justify the imposition of strict liability. The Clark-Aiken Co. v. Cromwell-Wright Co. Inc., 367 Mass. 70, 89 (1975).
In this case, the McLaughlins charge that blasting and earth movement and removal by the Fonzis, and their creation of an allegedly unstable embankment, constituted abnormally dangerous activities.
The movement of earth and the creation of an embankment in the development of a property is not an abnormally dangerous activity, but is rather a common and appropriate use of land. Cf. United Electrical Light Co. v. Deliso Construction Co., 315 Mass. 313, 321-22 (1943). This case differs from Ainsworth v. Lakin, supra, in which the court imposed strict liability on a defendant whose burned-out building toppled onto plaintiffs property. Reviewing the law of strict liability in Clark-Aiken Co. v. Cromwell-Wright *277 Co., Inc., supra, the Supreme Judicial Court notes that in Ainsworth the “uselessness” of the structure, and the danger it created, rendered the defendant’s wall “the type of instrumentality covered by the Rylands doctrine,” rather than an “ordinary wall, maintenance of which would be governed by traditional negligence standards.” The Clark-Aiken Co., supra at 81-82. In the present case, there is no indication that the embankment is other than an ordinary structure, useful to the development of the property, and therefore governed by those same negligence standards. Nor is this case similar to dam and dike cases, see, e.g., Bratton v. Rudnick, 283 Mass. 556 (1933), and Golden v. Amory, 329 Mass. 484 (1952), where the escaping instrumentality is water, stored in ponds and lakes, behind barriers — a relatively rare, and substantially more dangerous, use of land compared to the use at issue here. Accordingly, the earth removal and embankment complained of in this case do not form a basis for imposing strict liability.[4]
While blasting has been recognized as an abnormally dangerous activity under Massachusetts law, strict liability for blasting operations arises only where the plaintiff is directly injured by debris. O’Connor v. E.J. DiCarlo & Sons, Inc., 376 Mass. 927 (1978). In this case, the McLaughlins do not claim that any debris entered their property as a result of blasting.[5] Thus, the blasting does not support a theoiy of strict liability against the Fonzis.
Summary judgment in defendants’ favor is therefore appropriate as to the strict liability counts.
B. G.L.c. 148 §20C
G.L.c. 148 §20C provides: “Any person engaged in a blasting operation shall be liable for direct damages to the person or property of another without proof of negligence.” This statute “limits strict liability from blasting activities to cases where the damage is direct, i.e., when rock falls on adjoining property and causes damage.” Tebo v. Board of Appeals of Shrewsbury, 22 Mass.App.Ct. 618, 630 (1986).
The McLaughlins do not allege that debris fell on their property as a result of blasting, or that the blasting damaged their property in any other way. Therefore, summary judgment for the Fonzis is appropriate as to the count under G.L.c. 148 §20C.
C. Trespass
The McLaughlins argue that the entry of debris from the development site onto their property constitutes trespass. An action for trespass requires that the plaintiff be in lawful possession of the land, and that the defendant make an intentional entry upon plaintiffs land. Entry need not be of the defendant’s person, but includes the entry of objects as a result of the defendant’s conduct. Smith v. New England Aircraft Co., Inc., 270 Mass. 511 (1930). Generally, trespass requires an intentional act. Marengo v. Roy, 318 Mass. 719 (1945). Where a landowner sets in motion a force which, in the usual course of events, will damage the property of another, the landowner is guilty of trespass. Sheppard Envelope Co. v. Arcade Malleable Iron Co., 335 Mass. 180 (1957). In this case, a finder of fact might conclude that the Fonzis, by causing debris to collect at the edge of the embankment above the McLaughlins’ land and then allowing the debris to fall, intentionally created a situation which, in the usual course of events, would cause damage to the McLaughlins’ property.
The McLaughlins also argue that the Fonzis’ entry onto the McLaughlins’ property to remove the debris constitutes trespass.
The Fonzis respond that the entry was with the consent of the McLaughlins. A defendant is not liable for trespass if his presence on the land was pursuant to the express or implied consent of the owner. Lajoie v. Milliken, 242 Mass. 508 (1922). Here, the Fonzis argue that a letter from the McLaughlins complaining of the debris on their property operated as an implied consent for the Fonzis to enter the McLaughlin’s property to remove the debris. Consent is a defense to trespass which must be raised and proved by the defendant. The McLaughlins’ assertion that they did not consent to the Fonzis’ entry onto their land is sufficient to create an issue of fact as to the alleged trespass.
Because there exist issues of fact as to the claim of trespass, the Fonzis’ motion for summary judgment on that count will be denied.
ORDER
For the reasons stated above, it is hereby ORDERED that defendants Wattses’ motion for summary judgment be ALLOWED; that defendants Fonzis’ motion for summary judgment with respect to plaintiffs’ strict liability and G.L.c. 148 §20C claims be ALLOWED; and that defendants Fonzis’ motion for summary judgment with respect to plaintiffs’ trespass claim be DENIED.

The Fonzis note that the embankment is partly on the Wattses’ land, and partly on the land of the Wattses’ neighbors, the LeBlancs. The LeBlancs are not parties to this case.

It should be noted that the only substantial allegations of damage to the McLaughlins’ property are (1) odors and flies from composting materials; and (2) a single incident in which debris rolled onto the McLaughlins’ property. It is not disputed that the problem with odor and flies was solved in 1990, and that the incident of falling debris took place later that same year. The Wattses did not purchase the property until January 1991. Even if strict liability were appropriate here, the Wattses could not be held responsible for alleged damage which took place before they owned the property.

Mr. McLaughlin was asked, at his deposition, whether he was claiming that any debris was ejected onto his land during the course of blasting. He answered in the negative.