Agnes, Peter W., J.

I. BACKGROUND

This action involves a slip and fall case which allegedly occurred on the premises of a TD BankNorth office located within 370 Main Street, Worcester, Massachusetts on July 13, 2006. On that date the defendant Guaranty Management Company Inc., (GMC) was responsible for the management of said premises. GMC had subcontracted with UNICCO Service Company (UNICCO), to perform maintenance services. The plaintiff alleges that at the time of the injury GMC, as the manger of the premises for the owner, owed a duty of due care to keep the premises in a reasonably safe condition for patrons, or at least to warn them of any hidden dangers that might arise from such use. Olivieri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 166-67(1973). Plaintiff alleges that he slipped and fell because UNICCO through its employee Michelle Sweester mopped the floor of the break room and employee lounge and failed to set up signs warning that the floor was wet.
By all accounts, the floor in question was mopped shortly before the alleged accident and there was an indeterminate amount of water on the floor at the time of the accident. See Exhibit B to the 9A Statement of Material Facts and Law-p. 45 a Exhibit D — pp. 10-11. UNICCO employee, Michelle Sweester, would clean the premises at issue during which time employees of TD Banknorth including Plaintiff, would customarily have *118 access to the premises and be present. GMC maintains that Michelle Sweester did post warning signs on the floor in question and only removed them after the floor was dry. This remains a disputed point of fact between the parties.

II. ANALYSIS

In reviewing a motion for Summary Judgment a court “inquire[s] whether upon any reasonable view of the evidence, there is a combination of facts from which a rational inference may be drawn in the plaintiffs favor.” Sullivan v. Brookline, 416 Mass. 825, 826 (1994). To establish the defendant’s liability in negligence for a breach of duty, plaintiff must first demonstrate that defendant’s underlying injury was caused by GMC’s failure to warm him of hidden defects. Williams v. United Men’s Shop, 317 Mass. 319, 320 (1944). “[The] [d]uty owed to a business invitee [is] to use due care to keep [the] premises in a reasonably safe condition for use according to the invitation or to warn of dangers not obvious to the ordinary person, of which invitee would not be expected to know but which were known or should have been known to defendant.” Benjamin v. O’Connell & Lee Mfg. Co., 335 Mass. 646, 649 (1956). Premises liability attaches only if a store owner has actual or constructive knowledge of the dangerous condition and sufficient time to remedy it. Gallagher v. Stop & Shop, Inc., 332 Mass. 560, 562-63 (1955). Facts substantially similar to those in the present matter were addressed by the courts in Grace v. Jordan Marsh Co., 317 Mass. 632 (1945). There, the Supreme Judicial Court held that “The condition of the [break room floor], variously described by the plaintiff as, ”wet," “damp” and “slippery,” would not support a finding of negligence unless there was evidence of “water in larger quantity or for a greater length of time than was naturally to be expected in the circumstances.” See also Grace v. Jordan Marsh Co., 317 Mass. 632, 633, (1945), citing Moors v. Boston Elevared Ry Co., 305 Mass. 81 (1945). In this case, plaintiff has failed to meet the notice requirement of premises liability.

Vicarious Liability

Plaintiff argues that GMC is vicariously liable for the negligence of its subcontractor UNICCO. In Massachusetts mopping a floor is not an “inherently dangerous” activity and does not give rise to vicarious liability on the part of the employer of an independent contractor. “Plainly a dangerous condition was a possible consequence of floor mopping. But ... it could not be found or ruled to be a likely or probable consequence within the rule on which is founded the liability of the employer of an independent contractor.” Ducey v. Springfield Co-op. Bank, 341 Mass. 449, 450 (1945). In cases where the tortfeasor is an independent contractor and not an employee, the general rule is that the person engaging the independent contractor is not vicariously liable for that entity’s negligence. There are limited exceptions to this general rule. The entity engaging the independent contractor may be held liable to the plaintiff if: (a) it was negligent in its selection of the contractor; (b) it retained the right to direct the contractor’s work in some particular way and did so negligently; or (c) the work being done was inherently dangerous. Whalen v. Shivek, 326 Mass. 142, 149-50, (1950).
a. Retention of Right to Supervise
Plaintiff maintains that it is a disputed issue of fact whether or not GMC retained the right to direct or control the actions of UNICCO and that for this reason summary judgment is inappropriate. See Plaintiff, Gerald D. Conte’s Opposition to Defendant, Guaranty Management’s Company, Inc’s Motion For Summary Judgment at 2. While there may exist a factual dispute on this matter it is ultimately irrelevant to plaintiffs claim. For liability to attach defendant must both “retain the right to direct a contractor’s work in some way and [do] so negligently.” Whalen v. Shivek, 326 Mass. 142, 149-50 (1950). Plaintiff has not alleged with any specificity that GMC was negligent in its direction of UNICCO nor has plaintiff presented sufficient evidence to allow for the rational inference that GMC retained control over UNICCO. Moreover, defendant GMC correctly maintains that UNICCO was a subcontractor within the meaning of Corsetti, and that none of the above listed exceptions apply. See Defendant Guaranty Management Company, Inc.’s Memorandum of Law and Argument In Support of Its Motion For Summary Judgment at 4. The facts as presented support Defendant’s assertion.
b. Mode of Operation
Plaintiff argues that defendant GMC is liable under the “mode of operation” approach to premises liability which was recently adopted by the Supreme Judicial Court in Sheehan v. Roche Brothers Supermarkets, Inc., 448 Mass. 780 (2007). The “mode of operation” approach to premises liability requires conditions which plaintiff has not met. As with traditional premises liability, under the mode of operation theory, liability does not attach unless the defendant is on notice of the underlying dangerous condition and has adequate time to remedy it. As stated above plaintiff has not demonstrated that defendant GMC knew or should have known of any underlying dangerous conditions. “The adoption of the mode of operation approach will not modify the general rule governing premises liabilily requiring a plaintiff to prove that an owner had either actual or constructive notice of an unsafe condition on the premises.” Nolan & Sortoria, Massachusetts TORT Law., Section 21.1 (37A Mass. Prac. 3d ed.).
Plaintiff relies on Sheehan in support of the assertion that premises liability attaches to GMC, on the theory that a slip and fall accident was a reasonably foreseeable dangerous condition given the defendant’s “mode of operation.” Sheehan v. Roche Brothers Supermarkets, Inc., 448 Mass. 780, 785 (2007), citing Tom *119 v. S.S. Kresge Co., supra. See also Meek v. Wal-Mart Stores, Inc., 72 Conn.App 467, 480-81 (2002). Sheehan provides that “adoption of this approach [will] not hold owners strictly liable to all plaintiffs involved in slip-and-fall incidents on their premises, but would only make an owner liable if the owner could reasonably foresee that a dangerous condition exists and failed to take adequate steps to forestall resulting injuries.” Sheehan v. Roche Brothers Supermarkets, Inc., 448 Mass. 780, 792 (2007). As stated above, plaintiff has not provided sufficient evidence to suggest that GMC knew or should have known about the underlying dangerous conditions and has failed to meet the notice requirement of premises liability.
In Ducey the court held, “that [an owner is] not bound to conclude that employee of independent contractor, a building cleaning firm, would not take reasonable precautions and even though it was natural consequence of contract that water be placed on the floor it was not a natural consequence that a dangerous condition result and, in absence of indication that contractor was not informed or did not learn of tenants’ practice of holding early evening office hours, landlord was not liable for injuries sustained.” Ducey v. Springfield Co-op. Bank, 341 Mass. 449, 450 (1960). Ducey is controlling authority in this case.

III. CONCLUSION

Having failed to satisfy the notice requirement of traditional premises liability and mode of operation premises liability, plaintiff cannot sustain a claim of negligence against GMC. For the above stated reasons defendant GMC’s motion for summary judgment is ALLOWED.